JOHN HAMES, Appellant, *v.* MARTINA CASTRO, Respondent.

By the Mexican laws, all property acquired during marriage was common property, and the wife could neither be bound as security for her husband, nor liable as a joint contractor, except where it was shown that the contract was advantageous to the wife.

To establish that a contract is advantageous to the wife, means, that it accrued to the benefit of her separate estate.

Under the rule of the Mexican law, where the wife is the survivor of the husband, she is liable for one-half of the community debts; but to fix this liability, it must be shown that a fruitless effort has been made to obtain payment through an administration of the community assets, or that there is no common property, and that the community is insolvent.

APPEAL from the District Court of the Third Judicial District, Santa Cruz County.

The facts fully appear in the opinion of the Court.

*D. S. Gregory* for Appellants.

The fourth ground of the defendant's motion for a nonsuit was, that the plaintiff had failed to show that the defendant had derived any benefit from the contract sued on. It is not necessary to show this. See 6 How., 228. Although the wife may not be bound by a contract where she signs as *surety* for her husband, she will be bound where she jointly contracts with him. Sprigg *v.* Baisser and wife, 3 Cond. La. R., 451. And where her name is inserted in the act of sale, she would be bound. Ibid.

She may contract, when authorized by her husband. Schmidt, p. 109, § 482. The concurrence of the husband in the act of the wife amounts to an express authorization, and removes her disability to contract. Dunford *v.* Gross, 1 Cond. La. Rep., 590. Civil Code of La., 1779.

Both husband and wife are liable for the debts of the community. Schmidt's Sp. Law, p. 14, § 49. The wife, heir, heirs and assigns, have the privilege of being able to exonerate themselves from the community debts, by renouncing the community. Civil Code, 2374. Schmidt, p. 16, §§ 64, 65, 66. It must be express, not implied. Code, 2384. Schmidt, p. 16, § 66. But the wife who took an active part in

the community property, may not renounce.   Code, 2381.   Flood *et al. v.* Shambrough, 3 Cond. La. R., 180.   Lauderdale *v.* Gardiner, 1 Ib., 690.   The *unauthorized* contracts of married women, made valid after the marriage, is dispelled, either by express or implied assent to it.   Civil Code, 1774.   4 La. Annual Rep., 488.   Schmidt, p. 109, Art. 483.   Faero, Real. L. 8, T 11, B. 1.   Ib. L. 5, F. 18, B. 3.

The widow who accepts the community property cannot renounce, but may be sued in the District Court.   Flood *et al., v.* Shambrough, 3 Cond. La. Rep., 180.   3 Martin's R., 622.   All property purchased by husband and wife is presumed to be community property.   Love *v.* Robertson, 1 Texas, 6.   Schmidt's Sp. Law, p. 12, Art. 43, 44.

*R. F. Peckham* for Respondent.

The plaintiff has shown no advantage derived to the defendant under the transaction.   This was necessary to render her liable by the law of the transaction known as the law of *Toro,* cited in Panand *v.* Jones, 2 Cal., 514.   A wife was not bound on a contract executed jointly and severally with her husband, unless it turned to her separate advantage. Perry *v.* Gerbeau and wife, 3 La. Cond. R., 444.   Lawes *v.* Chinn, 3 Ib., 332.   Dumford *v.* Gross, 3 Ib., 590.   Lombard *v.* Guillet, 2 Ib., 224.   To render the wife liable, she must renounce the law of *Toro* in due form.   Banks *v.* Jendean, 2 La. Cond. R., 586; and a separate advantage is the essence of the obligation, and must be proved by some other evidence than that she touched the money.   Branger *v.* Kerr, 4 Cond. La. R., 156.

HEYDENFELDT, J., delivered the opinion of the Court.   MURRAY, C. J., concurred.

This action is upon a contract made during the Mexican dominion, and must have its effect and construction according to the laws then prevailing.

Several interesting questions entered into the consideration of the case at the bar, and were argued with an ability which displayed much erudition and research on the part of the counsel engaged on both sides.   But from the view we take of the case, only one question is necessary to be considered.   The proof shows, that at the time of making the contract, she was a married woman, and entered into it jointly with her husband.   By giving to the evidence the construction

most unfavorable to the wife, the contract would appear to have been a joint purchase for the joint benefit of husband and wife.

By the Mexican laws, all property acquired during marriage is common property. See Novissina Recop., ley 1, tit. 4, lib. 10. By the 61st Law of Toro, the wife can neither be bound as security for her husband, nor liable as a joint contractor, except it be shown that the contract has been advantageous to the wife. Schmidt's Law of Spain and Mexico, sec. 4, ch. 2.

To establish that the contract was advantageous to the wife, means necessarily that it accrued to the benefit of her separate estate, for whatever the husband is bound to furnish is expressly excluded from the qualification of advantage to her, and there would be no use for the rule, if her advantage was referred to some new acquisition to the common property. In this case, the record does not disclose any benefit to the defendant arising from the contract. But it is urged that she is liable, being the survivor of her husband, under the rule of the Mexican law, for one-half of the community debts. To fix this liability, however, it must be shown that a fruitless effort has been made to obtain payment through an administration of the community assets, or that there is no common property, and that the community is insolvent. Until this is done, the defendant cannot be made to answer personally for any part of the debt.

It results from these views of the rules under the Mexican system of jurisprudence, that the Court was correct in ordering a nonsuit, and the judgment is affirmed.